# STATE OF MICHIGAN

# COURT OF APPEALS

In re M. D. CAMPBELL, Minor.

UNPUBLISHED
April 23, 2015

No. 322075
Wayne Circuit Court
Family Division
LC No. 11-500295-NA

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Respondent mother appeals as of right an order terminating her parental rights to her daughter pursuant to MCL 712A.19b(3)(c)(*i*). We affirm.

On April 13, 2011, the seven-year-old child was removed from respondent's care after respondent, while intoxicated, physically abused the child. During the subsequent proceedings, respondent admitted to having a history of drug and alcohol abuse, admitted that the child was born with cocaine in her system, and admitted that the child had been sexually abused by a male relative. The permanency plan was reunification. The parent-agency treatment plan and service agreement required respondent to receive substance abuse treatment, complete random drug and alcohol screens, complete parenting classes, participate in both family and individual therapy, maintain housing, and obtain a legal source of income.

The review hearings conducted in 2011 showed that respondent was involved in a community-based substance abuse program, but she failed to provide most of the required drug screens and some of the screens provided were positive for alcohol and marijuana. Respondent also did not have a legal source of income. At the review hearing conducted in March 2012, it was reported that respondent failed to provide the required drug screens and remained unemployed. She was advised that termination of her parental rights would be considered if she did not make progress toward reunification.

At the August 2012 and November 2012 review hearings, it was reported that respondent failed to provide the required drug screens and had positive screens for marijuana and alcohol. Respondent also missed scheduled visits with the child, was not making progress in her individual therapy, and remained unemployed. A request was made to terminate visitations because the child was upset by respondent's failure to attend their visits, but that request was denied by the court. Again respondent was advised that termination of her parental rights could occur if she did not make progress toward reunification.

-1-

At the February 2013 review hearing, it was reported that respondent failed to provide the required drug screens, did not have a legal source of income, and missed scheduled visits with the child. The child was noticeably irritated and disappointed when respondent missed a visit and was having behavioral issues both in school and in her foster home. Respondent was advised that a petition seeking the termination of her parental rights would be filed.

In June 2013, a contested hearing on the supplemental petition for permanent custody was held. The child had been in care for about two years and two months and the reasons she came into care continued to exist. It was reported that respondent only provided 30 of the 89 requested drug screens, and she tested positive five times for marijuana and alcohol. However, respondent had just completed a 30-day inpatient substance abuse program. She remained unemployed. Since mid-April 2013, respondent missed five scheduled visits with the child. The child was having behavioral problems like outbursts and aggression, but had indicated that she wanted to go home to respondent. Respondent and the child were bonded, and their visits were appropriate. The trial court held that the statutory ground for termination under MCL 712A.19b(3)(c)(*i*) was met by clear and convincing evidence, but termination was not in the child's best interests. Therefore, the permanency plan remained reunification.

At the September 2013 review hearing, it was reported that respondent missed several drug screens and some visits with the child. Respondent had not seen the child in six weeks and the child had indicated that she was not ready for unsupervised visits with respondent. A drug screen was performed on the day of that court hearing and, at the November 2013 hearing, it was reported that the screen was positive for alcohol and marijuana. It was also reported at the November hearing that respondent continued to miss drug screens and visits with the child. Further, an October 2013 screen was positive for marijuana. Respondent claimed to be employed as a janitor, but failed to provide the requested documentation verifying employment. A supplemental petition for termination of respondent's parental rights was authorized, and the permanency plan was no longer reunification; it was adoption.

At the December 2013 hearing on the supplemental petition, it was reported that respondent missed scheduled visits with the child and appeared intoxicated at the last visit so she was sent home. The child was having behavioral issues as a consequence of respondent's actions. Further, respondent failed to provide a single drug screen since the November hearing. Visitation was suspended.

During a trial on the supplemental petition for termination of respondent's parental rights that began in February 2014, it was noted that respondent was supposed to provide 155 drug screens and had only provided 36; she tested positive for marijuana 11 times and alcohol seven times. The last screen was in October 2013 and it was positive for marijuana and alcohol. Even during this termination trial, which ended in April 2014, respondent failed to provide a single drug screen. For example, drug screens were requested on April 10 and April 15, but respondent did not provide them. Respondent's in-home individual therapy had been terminated in May 2013 because respondent failed to keep appointments. Further, respondent had missed 25 scheduled visits with the child between February 2012 and November 2013, and most of the time she did not call in advance to cancel. It was reported that the child expressed fear about returning to her mother's home, but other times she indicated that she wanted to go back. The child sometimes indicated that she wanted to see her mother, and other times stated that she did

not want to see her. After visitation was suspended, telephone contact between respondent and the child was limited to once a week and the child's behavior in school improved. It was also reported that respondent did not provide documentation verifying employment.

Subsequently, the court determined that it was in the child's best interests to terminate respondent's parental rights. The child had been in care for almost three years and, despite numerous opportunities and the provision of extensive services, respondent had failed to make any significant progress toward reunification. The child, who was ambivalent about returning to respondent's home, was entitled to permanency, stability, and finality.

Respondent first argues on appeal that the court clearly erred when it terminated her parental rights because a statutory ground for termination was not established by clear and convincing evidence. We disagree.

To terminate parental rights, the trial court must find at least one of the statutory grounds for termination listed in MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). We review the trial court's decision for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Olive/Metts Minors*, 297 Mich App at 41 (citation omitted).

Respondent's parental rights were terminated under MCL 712A.19b(3)(c)(*i*).[1] Termination of parental rights under MCL 712A.19b(3)(c)(*i*) is permitted if at least 182 days elapsed since an initial dispositional order and it was established by clear and convincing evidence that the "conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." This adjudication began in April 2011 and the primary condition that led to it was respondent's substance abuse. However, during the almost three years that this matter was pending, respondent consistently failed to provide the required random drug screens and routinely tested positive for alcohol and marijuana. Even a drug screen performed right after a court hearing in September 2013 was positive for alcohol and marijuana. We also note that respondent did not provide a single drug screen even after the supplemental petition to terminate her parental rights was filed. Respondent claimed to participate in substance abuse programs, and completed two inpatient programs, but there was no evidence that she benefited from those programs. And her *in-home* individual therapy was ultimately terminated for noncompliance because she missed appointments. Respondent was repeatedly advised that her substance abuse was the primary barrier to reunification with her child and she was warned that it would lead to her parental rights being terminated; nevertheless, respondent did not demonstrate that she was

---

[1] To the extent respondent argues that the trial court failed to state the statutory ground relied upon for termination, we disagree and note that the statutory ground was first identified in the trial court's order dated June 19, 2013. It is well established that child protective proceedings are considered one continuous proceeding. See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011), citing *In re LaFlure*, 48 Mich App 377, 391; 210 NW2d 482 (1973).

no longer abusing alcohol and marijuana during the almost three years that her child was out of her care. In light of the record evidence, the trial court did not clearly err when it concluded that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*). The conditions leading to adjudication continued to exist with no reasonable likelihood that they would be remedied within a reasonable time considering the child's age.

Respondent also argues that the trial court clearly erred when it terminated her parental rights because termination was not in the child's best interests. After review for clear error, we disagree. See *In re Trejo*, 462 Mich at 356-357.

When a trial court finds one or more grounds for termination under MCL 712A.19b(3), termination must be ordered if it is in the child's best interests. MCL 712A.19b(5). Whether termination is in the child's best interests must be proved by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In making that determination, the court may consider a variety of factors, including the parent's history, parenting ability, and participation in a treatment program, the child's age and bond to the parent, the foster care environment, and the child's need for permanency, stability, and finality. See *In re Olive/Metts Minors*, 297 Mich App at 41-42; *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011).

Here, as noted by the trial court, the child had been out of respondent's care and home for almost three years. Respondent had received extensive services and was given many opportunities to demonstrate her ability to provide a stable, nurturing, and safe home. But respondent failed to visit the child on a consistent basis, visited the child when she was intoxicated, failed to benefit from parenting classes, failed to benefit from individual and family counseling, failed to submit to regular drug screens, and failed to demonstrate her ability to maintain a drug and alcohol-free lifestyle. Further, the child exhibited behavioral problems associated with respondent's negative actions, and her behavior improved when her contact with respondent was limited. The child was also fearful and ambivalent about returning to respondent's care and home. Under the circumstance of this case, the trial court did not clearly err when it concluded that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Henry William Saad